1
2
3
4
5
6                      IN THE UNITED STATES DISTRICT COURT

7                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9    UNITED STATES OF AMERICA,

10            Plaintiff,                        No. CR 05-00142-1 JSW

11    v.                                        **NOTICE OF QUESTIONS FOR
                                                HEARING**
12    JOSHUA DILLON SHULKIN,

13            Defendant.
                                            /
14

15        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE

16   NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON

17   JANUARY 26, 2006:

18        The Court has reviewed the parties' memoranda of points and authorities and does not

19   wish to hear argument summarizing the positions taken in those briefs.  If the parties intend to

20   rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing

21   counsel of these authorities reasonably in advance of the hearing and to make copies available at

22   the hearing.  If the parties submit such additional authorities, they are ORDERED to submit the

23   citations to the authorities only, without argument or additional briefing.  *See* N.D. Civil Local

24   Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain their reliance

25   on such authority.  The parties shall not file written responses to the questions posed in this

26   notice.

27        The parties shall be prepared to address the following questions at the hearing:

28

*(left margin, vertical text)* **United States District Court**  For the Northern District of California

**United States District Court**

For the Northern District of California

1.    The Government asserts that even if Officer Watts had included the CRI's criminal history, it would not have affected the probable cause determination. What is the Government's best argument on this point?

2.    If the Court determined that the alleged omissions with respect to the CRI so affected the CRI's credibility and reliability that any statements in the affidavit that are attributable to the CRI must be excised, would the Government agree that probable cause would be lacking?

3.    Does the Defendant have any authority that arrests, rather than convictions for crimes pertaining to dishonesty should be considered in probable cause calculus?

4.    The Court understands that the Defendant is arguing that the Court should revisit its finding that Officer Watts was credible. What new evidence does the Defendant provide the Court to support his request that the Court revisit its previous finding regarding the CRI's credibility?

5.    The Defendant also argues that the good faith exception outlined in *Leon* should not apply in this case. If the Court stands by its previous ruling and denies the motion for reconsideration with respect to Defendant's request for a *Franks* hearing, would he concede there is no need to reach this issue?

6.    If the Court were to conclude that Officer Watts deliberately or recklessly omitted information from the warrant that was material to probable cause, does the Government have any authority that the good faith exception of *Leon* would apply when the officer engaging in such conduct is the officer executing the warrant?

7.    Are there any other issues the parties wish to address?

Dated:  January 24, 2006



_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE